IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

HARTFORD CASUALTY INSURANCE COMPANY, a foreign corporation,

    Plaintiff,

v.

SILTEK AFFORDABLE HOUSING, LLC, a dissolved Florida limited liability company; SILTEK GROUP, INC., a Florida corporation; RENE A. SIERRA, a Florida resident; ANA SILVEIRA-SIERRA, a Florida resident; GONZALO DERAMON, a Florida resident; MAYTE DERAMON, a Florida resident; MICHAEL C. COX, a Florida resident; and SHANA KRISTIE COX, a Florida resident,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), by and through undersigned counsel, files this Complaint for Damages and Injunctive Relief against Defendants, SILTEK AFFORDABLE HOUSING, LLC ("Siltek LLC"); SILTEK GROUP, INC. ("Siltek Inc."); RENE A. SIERRA; ANA SILVEIRA-SIERRA; GONZALO DERAMON; MAYTE DERAMON; MICHAEL C. COX; and SHANA KRISTIE COX and alleges as follows:

## INTRODUCTION

1. Hartford commences this action for damages and injunctive relief based upon the breach by Siltek LLC, Siltek Inc., Rene A. Sierra, Ana Silveira-Sierra, Gonzalo DeRamon, Mayte DeRamon, Michael C. Cox, and Shana Kristie Cox (collectively the "Indemnitors") of the General

Indemnity Agreement (the "Indemnity Agreement") executed by the Indemnitors in favor of Hartford on or about December 10, 2009.

2. Under the Indemnity Agreement, the Indemnitors are jointly and severally obligated to indemnify and exonerate Hartford for all loss, liability, damages and expenses including, but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees incurred or sustained by Hartford as a result of providing a surety bond on behalf of Siltek Inc. In addition, the Indemnitors are obligated to provide Hartford with collateral security equal to the amount that Hartford deems necessary to protect itself from all losses or expenses.

3. Based on the rights conveyed by the Indemnity Agreement, Hartford provided a surety bond for an affordable housing project on behalf of Siltek Inc., including payment and performance bond. Hartford has received claims under this bond and has incurred costs and expenses in addressing these claims, presently pending in arbitration.

4. Based upon claims made and losses incurred, Hartford demanded indemnity, exoneration and a collateral security deposit from the Indemnitors.

5. Despite these demands, the Indemnitors have breached their obligations under the Indemnity Agreement by failing and refusing to indemnify, exonerate and to provide a collateral security deposit to Hartford.

6. As a result, Hartford now brings this action to recover its damages, losses, costs and expenses in an amount to be determined, as well as specific performance of the Indemnity Agreement requiring the Indemnitors to provide Hartford with collateral security in the amount of Hartford's losses and potential losses as a result of having provided a surety bond for Siltek Inc. The current estimated losses are no less than $850,000.00.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties pursuant to 28 U.S.C. 1332(c)(1) and 28 U.S.C. 1332(a) because the Plaintiff and Defendants are citizens of diverse states.

8. Plaintiff, Hartford, is a corporation organized and existing under the laws of the State of Connecticut and maintains its principal place of business in the State of Connecticut, making it a citizen of Connecticut in accordance with 28 U.S.C. § 1332(c)(1). Hartford is licensed to conduct business in Florida.

9. Defendant, Siltek LLC, is an administratively dissolved limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business in the State of Florida, making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1). Upon information and belief, all members of Siltek LLC are Florida citizens.

10. Defendant, Siltek Inc., is a corporation organized and existing under the laws of the State of Florida and maintains its principal place of business in the State of Florida, making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

11. Defendant, Rene A. Sierra, upon information and belief, is a citizen of the State of Florida with his primary residence in the State of Florida, making him a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

12. Defendant, Ana Silveira-Sierra, upon information and belief, is a citizen of the State of Florida with her primary residence in the State of Florida, making her a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

13. Defendant, Gonzalo DeRamon, upon information and belief, is a citizen of the State of Florida with his primary residence in the State of Florida, making him a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

14. Defendant, Mayte DeRamon, upon information and belief, is a citizen of the State of Florida with her primary residence in the State of Florida, making her a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

15. Defendant, Michael C. Cox, upon information and belief, is a citizen of the State of Florida with his primary residence in the State of Florida, making him a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

16. Defendant, Shana Kristie Cox, upon information and belief, is a citizen of the State of Florida with her primary residence in the State of Florida, making her a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

17. This is an action seeking the recovery of damages in excess of $850,000.00, excluding costs, interest, and attorney's fees.

18. Venue is appropriate because one or more of the Defendants reside in or have their principal place of business within the boundaries of the Southern District of Florida, and because one or more Defendants reside in or have their principal place of business located in one of the counties within the province of the Miami Division of this Court.

**GENERAL ALLEGATIONS**

19. As part of its business, Hartford issues payment and performance bonds and stands as surety for certain contractors.

20. In connection with its work, Siltek from time to time required surety payment and performance bonds.

21. To induce Hartford to issue payment and performance bonds on behalf of Siltek, on or about December 10, 2009, the Indemnitors executed an Indemnity Agreement in favor of Hartford. A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit "A."**

22. Pursuant to Paragraph 5 of the Indemnity Agreement, the Indemnitors agreed, among other things, that they would, jointly and severally:

> indemnify, exonerate and hold Hartford harmless from all loss, liability, damages, and expenses including, but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees, which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, (3) in enforcing any of the provisions of this Agreement, (4) in pursuing the collection of any loss incurred hereunder, or (5) in the investigation of any claim submitted under any Bond.

23. The Indemnity agreement further provides at Paragraph 6 that:

> On Hartford's demand, the Indemnitors shall deposit with Hartford an amount Hartford deems necessary to protect itself from all losses or expenses as soon as Hartford determines that liability exists or has a reasonable basis to believe that it may incur liability whether or not Hartford has made any payment or created any reserve. Upon demand, Indemnitors also agree to pay an amount equal to the value of any assets or Bonded contract funds which Indemnitors diverted in violation of Paragraph 11 of this agreement and/or to establish a trust account in accordance with Paragraph 11. Hartford may use these sums, or any part thereof, to pay such claim or to hold as collateral security against any loss, claim, liability or unpaid premium on any Bond for which the Indemnitors may be obligated to indemnify Hartford under the terms of this Agreement.

24. As part of the Indemnity Agreement, the Indemnitors acknowledged and agreed that Hartford would be irreparably harmed and have no adequate remedy at law for any failure of the Indemnitors to immediately deposit the sum demanded by Hartford as collateral security. The Indemnitors further agreed "that Hartford shall be entitled to injunctive relief for specific performance" of the obligation to deposit collateral security and waived any contrary claims or defenses. *See* Ex. A at ¶ 6.

25. Moreover, under the Indemnity Agreement, the Indemnitors are obligated to reimburse Hartford for the costs and expenses, including, but not limited to, attorney's fees, incurred by Hartford in enforcing its rights under the Indemnity Agreement.

26. Further, under the Indemnity Agreement, "Hartford has the right to adjust, settle, or compromise any claim, demand, suit or judgment upon any Bonds without affecting the Indemnitors' liability under this Agreement." The Indemnitors shall immediately be liable to Hartford for all payments, plus interest, made by Hartford in the belief that either Hartford might be liable therefore or that payment was necessary or advisable to protect Hartford's rights or to reduce or avoid Hartford's liability. *See id.* at ¶ 7.

27. In addition, the Indemnity Agreement provides that the Indemnitors assign, transfer, and convey the following assets to Hartford:

> a. All rights of the Indemnitors in, arising from, or related to Bonds or any bonded or unbonded contracts and any extensions, modifications, alterations, or additions thereto, including but not limited to any and all sums due or which may become due under any contract including but not limited to progress payments, retainage, retainage accounts, compensation for extra work, deferred payments, refunds, premiums and any and all commercial tort claims; and
> b. All right, title and interest of the Indemnitors in and to, (1) the work performed; (2) all supplies, tools, plant, machinery, equipment and materials on or near work sites or elsewhere; (3) all materials purchased for or chargeable to the contract which may be in the process of manufacture, construction or transportation, or in storage anywhere; (4) subcontracts, purchase orders, patent rights, copyrights, trademarks, and any and all bond claims; (5) materials, supplies and inventory; (6) design documents, records, drawings, licenses, plans; and
> c. All rights arising out of insurance policies; and
> d. Any and all accounts receivable, chattel paper, documents of title, intangibles, choses in action, and bills of lading held by the Indemnitors or in which the Indemnitors have an interest.

*See id.* at ¶ 9.

28.     The Indemnity Agreement also provides that "all money paid, or any securities, warrants, checks or evidences of debt, plus any proceeds thereof" given to the Indemnitors under a bonded contract are trust funds held in favor of Hartford "for the purpose of satisfying the conditions of that bonded contract and shall be used for no other purpose until such conditions have been fully satisfied." *See id.* at ¶ 11.

29.     After the Defendants entered into the Indemnity Agreement with Hartford, Defendant Siltek entered into a construction contract with Miami-Dade County on July 31, 2012, for the construction of the Affordable Housing and Home Ownership in District 11 – Gran Via Apartments ("Project").

30.     In reliance upon the rights conveyed by the Indemnity Agreement, Hartford issued a contract performance and payment bond to secure the obligations of the construction contract on behalf of Siltek Inc. (the "Bond") for the Project, with the following identifying Bond information:

| Obligee | Bond Number | Project |
| --- | --- | --- |
| Miami-Dade County | 21BCSFZ7956 | Affordable Housing and Home Ownership in District 11 – Gran Via Apartments, ISD Project No. Z000107 |

31.     Under the construction contract, Miami-Dade County, has asserted a claim against Siltek for defective work/materials in the Project's roofing system and is seeking approximately $618,558.00 to replace the roof and reimburse for out-of-pocket mitigation work.

32.     Moreover, Miami-Dade County, as bond obligee, has also asserted a claim against the Bond, requesting that Hartford either correct the defects on the Project or provide payment to the County under the Bond in the amount of $618,558.00, plus attorney's fees, interest and costs. A copy of Miami-Dade County's Complaint and Amended Demand for Arbitration is attached

hereto as **Composite Exhibit "B."** Hartford anticipates further exposure on this Project based on change order work and/or additional mitigation efforts undertaken by the County. Hartford has further incurred attorney's fees, costs and expenses in investigating the claim under the Bond.

33. Based on these potential losses, on June 21, 2017, and again on November 5, 2020, Hartford demanded that Indemnitors deposit collateral with Hartford in the amount of $850,000.00. A copy of the November 5, 2020, Demand Letter is attached hereto as **Exhibit "C."**

34. The Indemnitors failed and refused to provide the required collateral security deposit.

35. As a result, the Indemnitors are in breach of their obligations under the Indemnity Agreement. The Indemnitors' breach has caused Hartford to incur or sustain damages in an amount yet to be determined, but estimated at no less than $850,000.00, as well as other damages for which it has no adequate remedy at law.

36. Hartford has retained the undersigned counsel to maintain this action and is obligated to pay counsel a reasonable fee. Pursuant to Paragraph 5 of the Indemnity Agreement, Hartford is entitled to recover the attorney's fees incurred in this matter.

37. Hartford has performed all of the terms, covenants, and conditions required on its part to be performed under the terms of the Indemnity Agreement or has been excused from doing so by Indemnitors

38. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
## BREACH OF CONTRACT AGAINST INDEMNITORS

39. Hartford realleges and reaffirms allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Under the terms of the Indemnity Agreement, the Indemnitors are obligated, jointly and severally to indemnity and exonerate and hold Hartford harmless for all loss, liability, damages and expenses, including, but not limited to, counsel and consultant fees, incurred in connection with Hartford's suretyship of Siltek Inc.

41. Pursuant to the Indemnity Agreement, the Indemnitors also agreed to, upon Hartford's demand, "deposit with Hartford an amount Hartford deems necessary to protect itself from all losses or expenses as soon as Hartford determines that liability exists or has a reasonable basis to believe that it may incur liability whether or not Hartford has made any payment or created any reserve."

42. Based on the claims received by Hartford, Hartford has incurred and will continue to incur substantial losses, liability, damages and expenses in an amount yet to be determined, but currently estimated at no less than $850,000.00.

43. Despite Hartford's demands, the Indemnitors have breached the Indemnity Agreement by failing to deposit collateral security with Hartford. The Indemnitors have also breached the Indemnity Agreement by failing or refusing to indemnify and exonerate Hartford for its damages, costs, and expenses incurred in connection its suretyship of Siltek Inc.

44. In addition, Hartford is entitled under the Indemnity Agreement to recover its attorneys' fees incurred in enforcing its rights under the Indemnity Agreement.

45. As a result of the Indemnitors' breach of the Indemnity Agreement, Hartford has been damaged in an amount not yet determined, but currently estimated at no less than $850,000.00. Hartford is entitled to recover those damages from the Indemnitors, along with prejudgment interest and counsel fees in an amount to be determined.

WHEREFORE, Hartford respectfully requests that this Court enter judgment against the Indemnitors, jointly and severally, for damages, costs, interest, attorneys fees and such other relief as this Court deems necessary, just, and proper.

## COUNT II
## COMMON LAW INDEMNITY AGAINST SILTEK GROUP, INC.

46. Hartford realleges and reaffirms allegations contained in paragraphs 1 through 38 as if fully set forth herein.

47. Hartford is without fault for the claim made by Miami-Dade County.

48. Hartford had a special relationship with Siltek by virtue of issuing the Bond.

49. Hartford has acted as surety for Siltek Inc. in connection with the Bond and, in its capacity as surety, has expended and may expend funds on behalf of Siltek Inc. Hartford's liability for the expenditure of funds is merely technical, secondary, derivative and vicarious of the liability of Siltek Inc. and is solely due to the actions of Siltek Inc. without any independent or contributing fault on the part of Hartford.

50. As a result, Hartford is entitled to reimbursement from Siltek Inc. for the costs and expenses incurred by Hartford in connection with the Bond and any claims asserted under it.

51. Siltek Inc. has failed and refused to indemnify Hartford in connection with these claims and payments. As a result, Hartford, as surety, is entitled to a judgment in an amount yet to be determined, but estimated at no less than $850,000.00, as well as prejudgment interest, based upon its common law rights to indemnification and reimbursement from Siltek Inc.

52. Hartford's damages will continue to increase as Hartford incurs future attorney's fees and costs defending the present lawsuit/arbitration involving Miami-Dade County.

53. Hartford is entitled to receive its reasonably incurred attorney's fees and costs pursuant to applicable Florida law.

WHEREFORE, Hartford respectfully requests that this Court enter judgment against Siltek Inc. for damages, costs, interest, attorney's fees and any such other relief as this Court deems necessary, just, and proper.

## COUNT III
## CONTRACTUAL AND COMMON LAW EXONERATION AGAINST INDEMNITORS

54. Hartford realleges and reaffirms allegations contained in paragraphs 1 through 38 as if fully set forth herein.

55. This is an action for exoneration seeking equitable relief.

56. As of June 21, 2017, the Indemnitors were obligated under the Indemnity Agreement to collateralize and exonerate Hartford in the amount of $850,000.00 for losses and expenses that Hartford has incurred or reasonably anticipates incurring as a result of issuing the Bond. Additional indebtedness due and owning from the Indemnitors to Hartford under the Indemnity Agreement will continue to accrue.

57. By virtue of Hartford's right of exoneration set forth in the Indemnity Agreement, as well as at common law and in equity, Hartford is entitled to have the Indemnitors' assets collateralize Hartford against loss and/or discharge Hartford's primary obligations under the Bond prior to such time as Hartford should be required to expend its own funds, or to have the Indemnitors place funds or other security with Hartford sufficient to cover the losses sustained or reasonably expected to be sustained by Hartford under the Bond.

58. Hartford made a demand upon the Indemnitors for the deposit of the Indemnitors' assets in the amount $850,000.00 as collateral. Despite Hartford's demand, the Indemnitors have refused to deposit such collateral.

59. The Indemnitors have breached their obligations under the Indemnity Agreement by refusing to exonerate or otherwise place funds with Hartford sufficient to cover the actual or potential losses and claims under the Bond.

60. Unless the personal assets of the Indemnitors are deposited as collateral, Hartford will not be adequately secured for its obligation under the Bond.

61. Hartford is fearful and apprehensive that the Indemnitors are or will become financially unable to pay amounts that may be owed to the obligee and/or claimants under the Bond for which Hartford may be liable, or the expenses, including but not limited to attorney's fees, incurred by Hartford as a result of its suretyship of Siltek Inc.

62. Hartford is also fearful and apprehensive, based on the Indemnitors' refusal to exonerate Hartford in accordance with its demands, that the Indemnitors will sell, transfer, dispose of, encumber, lien, secure or otherwise divert or conceal their assets.

63. Unless relief in the nature requested herein is granted, the contractual and equitable right of exoneration of Hartford will forever be lost, depriving Hartford of its bargained-for right to adequate security from the Indemnitors for Hartford's actual and potential obligation to make payments and/or incur costs and expenses as a result of having issued Bond to Siltek Inc. Further, unless the relief requested herein is granted, the Indemnitors are likely to sell, transfer, dispose of, encumber, lien, secure or otherwise divert or conceal their assets from being used to discharge the Indemnitors' obligations to exonerate and indemnify Hartford.

64. Hartford will suffer irreparable damage and loss because its bargained-for right of contractual exoneration, which is essential and necessary to the Indemnity Agreement, will be rendered nugatory and of no effect.

65. Hartford has no adequate remedy at law, and the equitable relief sought herein constitutes the only means by which Hartford can secure adequate relief and by which justice may be served.

66. Hartford has a high probability of success on the merits. Hartford has performed all of its duties and obligations under the Indemnity Agreement, and the Indemnity Agreement provides for the relief sought herein.

67. The threatened injury to Hartford outweighs any potential damage to the Indemnitors if the relief requested herein is granted. Additionally, such relief would not be adverse to the public interest.

WHEREFORE, Plaintiff, Hartford, respectfully requests that this Court enter a Final Judgment in its favor and against the Indemnitors, requiring the Indemnitors to perform under the Indemnity Agreement as follows:

(a) Pay and reimburse Hartford for the sums that Hartford has incurred to date as a result of having furnished the Bond;

(b) Provide collateral to Hartford sufficient to exonerate Hartford for the potential losses and expenses to be incurred;

(c) Pay and reimburse Hartford for its reasonable attorney's fees and costs incurred in the prosecution of this action; and

(d) Any such other relief as this court deems necessary, just, and proper.

### COUNT IV
### QUIA TIMET AGAINST INDEMNITORS

68. Hartford realleges and reaffirms allegations contained in paragraphs 1 through 38 as if fully set forth herein.

69. This is an action, in the alternative, for *quia timet* seeking equitable relief.

70. The Obligee, Miami-Dade County, has made claims on the Bond.

71. Hartford provided notice to, and demanded indemnity and exoneration from the Indemnitors under the terms of the Indemnity Agreement, requiring them to post sufficient collateral to protect Hartford from losses and expenses incurred in connection with the Bond.

72. The Indemnitors have breached their obligations under the Indemnity Agreement by refusing to exonerate or otherwise post collateral with Hartford sufficient to cover the losses and expenses incurred or that will be incurred by Hartford. Unless the assets of the Indemnitors are provided to Hartford as collateral, Hartford will not be adequately secured for its obligation on the Bonded Contract.

73. By virtue of the Indemnity Agreement and the common law and equitable doctrine of *quia timet*, Hartford is entitled to have the Indemnitors post funds or other security with Hartford that is sufficient to cover the bond losses and claims under the Bond.

74. Without the equitable relief requested herein, Hartford will be prejudiced because it will be required to advance further funds in connection with claims on the Bond. Hartford is fearful and apprehensive that the Indemnitors are or will become financially unable to pay amounts that may be owed to the obligee and/or claimants under the Bond for which Hartford may be liable, or that the Indemnitors, based on their refusal to exonerate Hartford in accordance with its demands, will sell, transfer, dispose of, encumber, lien, secure or otherwise divert or conceal their assets.

75. Unless relief in the nature requested herein is granted, Hartford's equitable right of *quia timet* will forever be lost, depriving Hartford of adequate security from the Indemnitors for Hartford's obligation to make payments to obligee and/or claimants under the Bond. Further, unless the relief requested herein is granted, the Indemnitors are likely to sell, transfer, dispose of,

encumber, lien, secure or otherwise divert or conceal their assets from being used to discharge the Indemnitors' obligations to exonerate and indemnify Hartford.

WHEREFORE, Hartford respectfully requests that the Court enter final judgment against the Indemnitors for damages, plus costs, interest and attorney's fees, and order the Indemnitors to immediately post collateral with Hartford in the amount of $850,000.00 for anticipated losses or expenses for which Hartford is or may be liable in connection with the Bond. Alternatively, Hartford requests that the Court order the Indemnitors to deposit $850,000.00 with the Clerk of this Court, for the benefit and protection of Hartford.

DATED this 16th day of December, 2020.

          Respectfully submitted,

          TAYLOR ESPINO VEGA & TOURON, PLLC
          *Attorneys for Hartford Casualty Insurance Company*
          201 Alhambra Circle, Suite 801
          Coral Gables, Florida 33134
          Telephone: (305) 443-2043
          Facsimile: (305) 443-2048

          By: /s/ Timothy S. Taylor
               TIMOTHY S. TAYLOR
               Florida Bar No. 545015
               ttaylor@tevtlaw.com
               vperez@tevtlaw.com
               PAUL WASHINGTON
               Florida Bar No. 60107
               pwashington@tevtlaw.com
               KRISTINA L. PUENTE
               Florida Bar No. 107690
               kpuente@tevtlaw.com