| **TAYLOR ESPINO VEGA & TOURON**

201 ALHAMBRA CIRCLE, SUITE 801
CORAL GABLES, FLORIDA 33134
TEL 305.443.2043

TIMOTHY S. TAYLOR
BOARD CERTIFIED IN CONSTRUCTION LAW
E-MAIL ADDRESS: TTAYLOR@TEVTLAW.COM

November 5, 2020

| **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 001 3138 8315** <br> Siltek Affordable Housing, LLC <br> 1232 North University Drive <br> Suite 101 <br> Plantation, FL 33322 | **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8308** <br> Siltek Group, Inc. <br> 1232 North University Drive <br> Suite 101 <br> Plantation, FL 33322 |
|---|---|
| **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8292** <br> Rene A. Sierra <br> 4403 Dogwood Circle <br> Weston, FL 33331 | **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8285** <br> Ana Silveira-Sierra <br> 4403 Dogwood Circle <br> Weston, FL 33331 |
| **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8278** <br> Gonzalo DeRamon <br> 1040 NW North River Drive <br> Miami, FL 33136 | **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8230** <br> Mayte DeRamon <br> 1040 NW North River Drive <br> Miami, FL 33136 |
| **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8261** <br> Michael C. Cox <br> 828 NW 9th Avenue <br> Miami, FL 33136 | **Via Certified Mail/Return Receipt Requested** <br> **7018 2290 0001 3138 8261** <br> Shana Kristie Cox <br> 828 NW 9th Avenue <br> Miami, FL 33136 |

> **Re:**   **Hartford Casualty Insurance Company's Demand for Collateral Security**
> **Surety:**      **Hartford Casualty Insurance Company ("Hartford")**
> **Principal:**   **Siltek Group, Inc. ("Siltek")**
> **Project:**     **Gran Via Apartments**

Dear Indemnitors:

As you know, the law firm of Taylor Espino Vega & Touron, PLLC represents Hartford Casualty Insurance Company ("Hartford") in connection with the General Indemnity Agreement ("GIA") dated December 10, 2009 which each of you executed as an Indemnitor. This follows Hartford's June 21, 2017 demand for collateral security, which has been unmet, as well as subsequent correspondence between the undersigned and counsel for Siltek, regarding Siltek's failed efforts to protect Hartford's interests.

As you are aware, Hartford and Siltek are named defendants/respondents in an arbitration action initiated by Miami-Dade County ("County") regarding the Gran Via Apartments Project ("Project"). The County has asserted damages in the amount of $618,558.00 against Hartford and Siltek. Despite repeated requests to counsel for Siltek to procure insurance coverage for this claim from Siltek's general commercial liability insurance carriers, Siltek has failed to do so.

In fact, the undersigned was forced to make demand upon Siltek's insurance carriers in order to place them on notice of the claim. After these insurance carriers were placed on notice, both Liberty Surplus Insurance Corporation ("Liberty") and Gemini Insurance Company ("Gemini") responded directly to Siltek regarding this claim. Based upon correspondence from Liberty, Liberty was willing to accept the tender of the claim and provide a defense and indemnification once Siltek paid the $10,000 policy deductible. Despite repeated inquiries by the undersigned, counsel for Siltek has failed to confirm the payment of the insurance deductible and the reasonable inference is that Siltek has apparently failed to acquire insurance coverage for this claim. Furthermore, inquiries about the coverage position of Gemini have also gone unanswered.

In light of the foregoing, Hartford's concern over Siltek's continued failure to take the necessary and appropriate steps required to resolve the Claim has grown considerably since Hartford first demanded collateral security on June 21, 2017. As a result of Siltek's dilatoriness, Hartford has been forced to incur significant attorneys' fees and litigation expenses to defend itself against the County's claim and continues to remain exposed to significant liability and attorneys' fees should the County be awarded any recovery against Hartford. Moreover, Siltek's failure to procure insurance coverage for this claim is shocking and has considerably increased the financial risk to Hartford.

As indemnitors under the GIA with Hartford, you all have a duty indemnify, exonerate and hold Hartford harmless from the claims assert by the County on this Project. Enclosed herein is a copy of the GIA for your reference. Specifically, Paragraph 5 of the GIA expressly states:

**Indemnity and Exoneration**: The Indemnitors are jointly and severally liable to Hartford, and will indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees, which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an indemnitor to discharge any obligations under this Agreement, (3) in enforcing the provisions of this Agreement…

Moreover, pursuant to the GIA, you all are required to deposit collateral with Hartford upon demand in an amount reasonable to protect Hartford from all losses and expenses. Specifically, Paragraph 6 of the GIA expressly states:

**Collateral Security**: On Hartford's demand, the Indemnitors shall deposit with Hartford an amount Hartford deems necessary to protect itself from all losses or expenses as soon as Hartford determines that liability exists or has a reasonable basis to believe that it may incur liability, whether or not Hartford has made any payment or created any reserve. … Hartford may use these sums, or any part thereof, to pay such claim or to hold as collateral security against any loss, claim, liability or unpaid premium on any Bond for which Indemnitors may be obligated to indemnify Hartford under the terms of this Agreement.

Indemnitors of Siltek Group, Inc.
November 5, 2020
Page **3** of **3**

Accordingly, based upon the current exposure Hartford faces in damages, attorneys' fees, and expenses as a result of the claims as set forth in the County's enclosed damages summary, Harford hereby demands collateral security in the total amount of $850,000.00. Please also note that Hartford reserves the right to increase this demand for collateral security if it determines that its exposure may be greater than $850,000.00.

Should you fail to deposit with Hartford $850,000.00 in collateral security within seven (7) days of the date herein, or on or before November 11, 2020, then Hartford may take whatever steps it deems necessary to enforce its rights under the GIA, including filing a lawsuit naming each of you as a Defendant based upon your joint and several obligations under the GIA. Hartford looks forward to your full cooperation and compliance.

This correspondence and all prior or subsequent correspondence and/or investigative efforts are made with express reservation of rights and defenses that Hartford has or may have under the terms of its performance bonds, applicable contract documents, the GIA, and applicable law.

Should like to discuss this matter further, please feel free to contact me.

Very truly yours,

Timothy S. Taylor
TAYLOR ESPINO VEGA & TOURON, P.A

cc:   Maribel Luzunaris
      Oscar Soto

# General Indemnity Agreement


THE
HARTFORD

The Indemnitors have requested or may request Hartford to furnish, procure, assume or continue Bonds on behalf of any one or more of the Indemnitors. The Indemnitors expressly warrant their material or beneficial interest in such Bonds, and in consideration for the furnishing, procuring, assuming or continuing of such Bonds, and other good and valuable consideration, the Indemnitors hereby jointly and severally agree to the following:

1. **Definitions.** For purposes of this Agreement, the terms below shall be defined as follows:

   (a) "Agreement" shall mean this General Indemnity Agreement.

   (b) "Bonds" shall be any and all contracts of suretyship, guarantees, obligations and undertakings issued in accordance with this Agreement.

   (c) "Indemnitors" include the following persons or entities, and their respective successors, assigns, co-venturers, parents, affiliates, divisions and subsidiaries, whether now existing or hereafter acquired or created.

| Indemnitor's Name | Address | Tax ID / Social Security Number |
|---|---|---|
| Siltek Affordable Housing, LLC | 1232 North University Drive, Suite 101, Plantation, FL 33322 | 26-4714278 |
| Siltek Group, Inc. | 1232 North University Drive, Suite 101, Plantation, FL 33322 | 59-3559833 |
| Rene A. Sierra | 4403 Dogwood Circle, Weston, FL 33331 | 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 |
| Ana Silveira-Sierra | 4403 Dogwood Circle, Weston, FL 33331 | 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 |
| Gonzalo DeRamon | 1040 NW North River Dr., Miami, FL 33136 | 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 |
| Mayte DeRamon | 1040 NW North River Dr., Miami, FL 33136 | 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 |
| Michael C. Cox | 828 NW 9th Avenue, Miami, FL 33136 | 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 |
| Shana Kristie Cox | 828 NW 9th Avenue, Miami, FL 33136 | 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 |

   (d) "Event of Default" shall include (i) an Indemnitor's abandonment, forfeiture or breach of, or failure, refusal or inability to perform, a contract guaranteed by any Bond; (ii) an Indemnitor's failure, refusal or inability to pay any bill or satisfy any debt incurred in connection with the performance of any obligation guaranteed by any Bond; (iii) an Indemnitor's failure, refusal or inability to satisfy any condition of any Bond or to comply with any term or provision of this Agreement; (iv) any assignment by the Principal for the benefit of creditors, or the appointment, or an application by the Principal for the appointment of, a receiver or trustee for the Principal or its property, whether insolvent, or not, or an application by the Principal for reorganization or arrangement under the terms of the United States Bankruptcy Code or any similar laws of any state, possession or territory of the United States, or if proceedings for the appointment of a receiver or trustee for liquidation or for the reorganization or

GIAPERF_APP4684_LONG_090105 RI

arrangement of the Principal shall be initiated by other persons, the continuance of those proceedings for a period of thirty days; (v) the commencement or continuation of any proceeding which deprives the Principal of, or interferes with, his use of any of the supplies, tools, plant, machinery, equipment or materials in, on or around the site of, or the work under the contract covered by any Bond; and/or (vi) if the Principal is an individual, the Principal's death, abscondment, disappearance, incompetence, conviction of a felony or imprisonment, and if the Principal is any other entity, any change or threat of change in the character, identity, control, management, beneficial ownership or existence of the Principal.

(e)   "Principal" shall mean a person or entity in whose name a Bond is issued pursuant to the terms of this Agreement.

(f)   "UCC" shall mean the Uniform Commercial Code in the form in which it has been adopted in the relevant state.

(g)   "Hartford" shall be, individually or collectively, Hartford Fire Insurance Company, Hartford Casualty Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Twin City Fire Insurance Company, Hartford Insurance Company of Illinois, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast and any of their insurance company affiliates, subsidiaries, parents, assigns, successors, divisions, co-sureties or reinsurers.

2.   **Application of Agreement.**   This Agreement applies to all Bonds executed by Hartford, whether prior to, simultaneous with, or subsequent to the date of execution of this Agreement; (1) on behalf of any Indemnitor solely or as a member of a partnership, joint venture, or any other business entity or common enterprise, and/or; (2) in connection with contracts for which any Indemnitor acts as a silent participant, and/or; (3) at the request or on behalf of any of the Indemnitors, and/or; (4) for or at the request of any present or future parent, affiliate or subsidiary of such Indemnitor or Indemnitors, and/or; (5) for any third party at the request of Indemnitors and/or their parents, subsidiaries and affiliates. If Hartford procures the execution of Bonds by other sureties, executes Bonds with co-sureties, or procures reinsurance, the terms and conditions of this Agreement shall inure to the benefit of such other sureties, co-sureties and reinsurers.

3.   **Premium**.   Indemnitors hereby agree to pay all premiums, when due, for each Bond issued hereunder, so long as any liability of Hartford shall continue under such Bonds, and until Hartford is furnished with evidence satisfactory to Hartford, in its sole discretion, that it has been discharged or released from all such liability.

4.   **Declination of Bonds**.   Hartford has the right to decline to execute any Bond, including a bid bond, without incurring any liability to any Indemnitor for any reason whatsoever and without affecting the Indemnitors' obligations to Hartford. Hartford's right to decline Bonds includes final Bonds following a contract award for which Hartford executed a bid or proposal bond, a bid letter, a consent of surety, or an agreement of surety. Such declination shall not affect, diminish, or alter the liability of the Indemnitors with respect to said bid or proposal bond.

5.   **Indemnity and Exoneration**.   The Indemnitors are jointly and severally liable to Hartford, and will indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees, which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, (3) in enforcing any of the provisions of this Agreement, (4) in pursuing the collection of any loss incurred hereunder, or (5) in the investigation of any claim submitted under any Bond.   Hartford may bring separate suits on this Agreement as causes of action accrue, and the bringing of such suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of actions.

6.   **Collateral Security**.   On Hartford's demand, the Indemnitors shall deposit with Hartford an amount Hartford deems necessary to protect itself from all losses or expenses as soon as Hartford determines that liability exists or has a reasonable basis to believe that it may incur liability, whether or not Hartford has made any payment or created any reserve.   Upon demand, Indemnitors also agree to pay an amount equal to the value of any assets or Bonded contract funds which Indemnitors diverted in violation of Paragraph 11 of this Agreement and/or to establish a trust account in accordance with Paragraph 11. Hartford may use these sums, or any part thereof, to pay such claim or to hold as collateral security against any loss, claim, liability or unpaid premium on any Bond for which the Indemnitors may be obligated to indemnify Hartford under the terms of this Agreement.   Hartford shall have no duty to invest, or to provide interest on, any such deposit.   Hartford may sell property assigned to or deposited with it without incurring any liability.   The sale may be public or private and with or without notice of the time or place thereof.   The Indemnitors shall be entitled to the refund of any unused portion of the collateral security upon termination of Hartford's liability on all Bonds and the

performance by the Indemnitors of all their obligations to Hartford hereunder. The Indemnitors acknowledge and agree that the Indemnitors' failure to deposit with Hartford, immediately upon demand, the sum demanded by Hartford as collateral security shall cause irreparable harm to Hartford for which Hartford has no adequate remedy at law. Therefore, the Indemnitors agree that Hartford shall be entitled to injunctive relief for specific performance of said obligation of the Indemnitors and hereby waive any claims or defenses to the contrary.

7. **Claim Settlement.** Hartford has the right to adjust, settle or compromise any claim, demand, suit or judgment upon any Bonds without affecting the Indemnitors' liability under this Agreement. The Indemnitors shall immediately be liable to Hartford for all payments, plus interest thereon at the maximum rate permitted by law, from the date such payments are made by Hartford in the belief that either (1) Hartford was or might be liable therefore, or (2) they were necessary or advisable to protect Hartford's rights or to avoid or lessen Hartford's liability. Copies of checks or other evidence of such payments, including records of any nature maintained by Hartford in the ordinary course of business, shall be prima facie evidence of the existence and extent of the liability of the Indemnitors to Hartford. Furthermore, any Indemnitor shall immediately notify Hartford in writing of any demand, notice, suit, action or proceeding relating to any Bond. Furthermore, Hartford is hereby authorized and empowered to advance money or to guarantee loans to the Principal that Hartford may deem prudent to advance to said Principal for the purpose of any bonded contract; and all such loaned or advanced monies, together with all costs, attorneys' fees and expenses incurred by Hartford in relation thereto, unless repaid when due, shall be conclusively presumed to be a Loss hereunder for which each of the Indemnitors shall be responsible. The Indemnitors hereby expressly waive notice of any such advance or loan, or of any default or any other act giving rise to any claim under any Bond, and waive notice of any and all liability of Hartford under any such Bond or any and all liability on the part of the Indemnitors, such that each Indemnitor shall be and continue to be liable to Hartford hereunder notwithstanding any notice to which the Indemnitors might be or might have been entitled and notwithstanding any defenses which the Indemnitors might have been or might be entitled to make.

8. **Books and Records.** Hartford or its designee shall have access to and the right to make copies of any and all books, records and other documents or information of the Indemnitors during regular business hours or at any other reasonable time until Hartford's liability under all Bonds are terminated. Indemnitors agree to fully cooperate and assist with any such investigation or review of its books and records. Financial institutions, materialmen, suppliers, bond obligees and all other persons and organizations, including suppliers of legal and accounting services, are authorized to furnish Hartford any information requested, including the status and condition of work under any contracts being performed by any Indemnitor and the financial status of such contracts.

9. **Assignment.** All Indemnitors assign, transfer and convey the following to Hartford, effective on the date of issuance of each Bond, or effective on the date of execution of any unbonded contracts, or effective on the date of this Agreement for Bonds or unbonded contracts executed prior to the date hereof, and nothing herein shall limit Hartford's right to claim under any prior assignment:

   (a) All rights of the Indemnitors in, arising from, or related to Bonds or any bonded or unbonded contracts and any extensions, modifications, alterations or additions thereto, including but not limited to any and all sums due or which may become due under any contract including but not limited to progress payments, retainage, retainage accounts, compensation for extra work, deferred payments, refunds, premiums and any and all  commercial tort claims; and

   (b) All right, title and interest of the Indemnitors in and to, (1) the work performed; (2) all supplies, tools, plant, machinery, equipment and materials on or near work sites or elsewhere; (3) all materials purchased for or chargeable to the contract which may be in the process of manufacture, construction or transportation, or in storage anywhere; (4) subcontracts, purchase orders, patent rights, copyrights, trademarks, and any and all bond claims; (5) materials, supplies and inventory; (6) design documents, records, drawings, licenses, plans; and

   (c) All rights arising out of insurance policies; and

   (d) Any and all accounts receivable, chattel paper, documents of title, intangibles, choses in action, and bills of lading held by the Indemnitors or in which the Indemnitors have an interest.

GIAPERF_APP4684_LONG_090105 R1

10. **Default**. Upon the occurrence of an "Event of Default", indemnitors authorize and agree that Hartford may in its sole discretion and to the extent it deems appropriate, but is not obligated to take any or all of the following actions:

(a)   Assert, perfect, use and pursue all the assigned, transferred or conveyed rights, actions, causes of action, contracts, subcontracts, purchase orders, patent rights, copy rights and trademarks, plans, drawings, specifications and contract documents, claims and/or demands;

(b)   Take possession of all or any part of the work under any or all contracts to which any Bond applies;

(c)   Take possession of all tools, plant, machinery, equipment, office equipment, books, records, hardware, software, materials, supplies, inventory, design documents, records, drawings, plans, work in process, completed assemblies and use, consume, or apply to the performance of any contract or defense of any claim to which any Bond applies;

(d)   Execute any document in the name of the Principal necessary to effectuate the purposes and terms of this Agreement or enforce any common law right;

(e)   Take such other action and enforce such other rights whether granted in this Agreement, or by common law.

11. **Trust Fund**. If a Bond is executed in connection with the performance of any contract, the entire contract price shall be dedicated to the satisfaction of the conditions of that bonded contract. All money paid, or any securities, warrants, checks or evidences of debt, plus any proceeds thereof, given under that bonded contract shall be impressed with a trust in the hands of the Indemnitors in favor of Hartford for the purpose of satisfying the conditions of that bonded contract and shall be used for no other purpose until such conditions have been fully satisfied. On demand, Indemnitors shall establish a trust account with a bank, acceptable to Hartford, and shall thereafter deposit all monies from said bonded contracts into said trust account. The trust account shall be a restricted account requiring the signature of an authorized representative of Hartford on all checks drawn against said account. Such trust shall not terminate until the Indemnitors' obligations under all Bonds issued hereunder and under this Agreement have been fully discharged to Hartford's satisfaction.

12. **Attorney-In-Fact**. The Indemnitors irrevocably constitute, appoint and designate Hartford as their attorney-in-fact with the right, but not the obligation, to exercise all rights of the Indemnitors assigned to Hartford, and, in the name of the Indemnitors, to execute and deliver any other assignments or documents deemed necessary by Hartford to effectuate and exercise the rights given it under this Agreement including, but not limited to, the right to endorse the name of any Indemnitor upon any securities, checks, drafts or evidences of debt. The Indemnitors hereby ratify and confirm all acts and actions taken by Hartford as such attorney-in-fact.

13. **Termination**. This is a continuous Agreement which remains in full force and effect as to every Bond issued hereunder. However, participation in this Agreement by any Indemnitor may be terminated as to future Bonds only by written notice to the Hartford, effective on the date of written acceptance thereof by Hartford. Such termination shall not relieve any Indemnitor from liability assumed prior to such termination, nor shall it affect the liability of any other Indemnitor. Said termination notice shall be sent by certified or registered mail to: Bond Department, The Hartford, Hartford Plaza T-4, Hartford, Connecticut 06115, such notice shall only be effective upon written acceptance by an authorized employee of Hartford.

14. **Cumulative, Joint and Several Obligations**. Hartford's rights under this Agreement are cumulative with, and in addition to all other rights of Hartford, however derived. Therefore, this Agreement is in addition to and not in lieu of any other agreements entered into between the parties hereto, unless expressly agreed to otherwise in a written agreement executed by Hartford. The execution of subsequent agreements does not supersede this Agreement, unless expressly stated otherwise in writing executed by Hartford. Because the Indemnitors are jointly and severally liable, Hartford is not required to enforce or exhaust its rights or remedies against any one Indemnitor before asserting its rights against any other Indemnitor, or to assert claims against the Indemnitors equally.

15. **Representations**. The Indemnitors have a substantial, material and beneficial interest (a) in each of the other Indemnitors obtaining Bonds hereunder; and (b) in the transaction(s) for which any other Indemnitor has applied or will apply to Hartford for Bonds pursuant to this Agreement. The Indemnitors have the full power and authority to execute,

deliver and perform this Agreement and to carry out the obligations stated herein. The Indemnitors further acknowledge and agree that (a) the execution, delivery and performance of this Agreement by such Indemnitors, (b) the compliance with the terms and provisions hereof, and (c) the carrying out of the obligations contemplated herein, do not, and will not, conflict with and will not result in a breach or violation of any terms, conditions or provisions of the charter documents or bylaws of such Indemnitors, or any law, governmental rule or regulation, or any applicable order, writ, injunction, judgment or decree of any court or governmental authority against Indemnitors, or any other agreement binding upon Indemnitors, or constitute a default hereunder.

16. **Security Interest**. This Agreement constitutes a Security Agreement to or with Hartford and also a Financing Statement enforceable in accordance with the provisions of the UCC now or hereafter in force in any jurisdiction. The Indemnitors hereby consent to Hartford perfecting its rights hereunder as it deems necessary or prudent without providing Indemnitors with any further notice and without seeking any additional consent from the Indemnitors. Hartford may make such additions to this Agreement as may be necessary or desirable to permit its filing as a Financing Statement under the UCC, and the Indemnitors will execute and deliver such further instruments as may be necessary or desirable to permit either the filing of this Agreement as a Financing Statement or the filing of a Financing Statement based upon this Agreement as a Security Agreement in such states, counties and other places as Hartford shall deem necessary or prudent.

17. **Notice**. Hartford, without notice to the Indemnitors and despite any increase in their liability, may agree to either (a) changes in Bonds or bonded contracts or the plans or specifications relating to them, or (b) the addition of Indemnitors to this Agreement. Furthermore, Indemnitors expressly waive notice of the following notwithstanding any defenses they otherwise may have been able to assert: (a) The execution of any Bonds or the refusal to execute any Bonds; (b) Defaults under contracts or any acts which might result either in claims or in liabilities of Hartford under any Bonds; and (c) Any act, fact, or information concerning or affecting the rights or liabilities of Hartford or any Indemnitor.

18. **Miscellaneous**. If for any reason this Agreement is invalid as to any Indemnitor, or if any Indemnitor's liability under this Agreement is terminated, with or without notice, the remaining Indemnitors shall nevertheless be liable for the full amount of liability, losses and expenses that Hartford may sustain or incur. For the purpose of enforcing or recording this Agreement, an authenticated true photocopy or facsimile copy hereof shall be regarded as an original. The terms and conditions of this Agreement can only be modified by a written addendum to this Agreement executed by an authorized employee of Hartford. Furthermore, Indemnitors waive any and all notice in connection with the execution of any and all addenda hereto, including but not limited to the addition of new indemnitors, a conditional waiver of indemnity from specified Indemnitors and an agreement to exclude certain assets from an indemnitor's liability hereunder. This Agreement may be executed in any number of counterparts, each of which shall be an original but all of which together shall constitute one instrument. Each counterpart may consist of a number of copies hereof, each signed by less than all, but together signed by all, of the parties hereto. The Indemnitors each hereby waive trial by jury in any action or proceeding to which any or all of the indemnitors may be a party arising out of or relating in any way to this agreement. If any provision or provisions of this agreement are invalid, all other provisions of the agreement shall be construed and enforced with the same effect as if the invalid provision was omitted.

19. **Credit Reports**. Indemnitors hereby expressly authorize Hartford to access their credit reports and to make such pertinent inquiries as may be necessary from third party sources for the following purposes: (a) To verify information supplied to Hartford; (b) for underwriting purposes; and (c) upon receipt of a notice of claim or potential claim under any Bond, for debt collection.

20. **Special Provisions**. **Not Applicable**.

GIAPERF_APP4684_LONG_090105 R1

The Indemnitors have read and understand this Agreement. Indemnitors acknowledge that including signature pages but not including acknowledgment pages this is a 9 page document containing 20 numbered paragraphs. No separate agreements or understandings, except other indemnity agreements, change the terms of this Agreement except those specifically executed by an authorized employee of Hartford in writing, and no terms may be waived or changed without the express written approval of an authorized employee of Hartford.

Dated and effective this ___10___ day of __DECEMBER__ , 20_09_

> *NOTE: Corporate indemnity signatures must be by corporate officers empowered to sign.*
> *Witness signatures must be by persons not a party to, or a relative of a party to, this Agreement.*

| WITNESSES | INDEMNITORS |
|---|---|
| Witness: {signatory name} | **Siltek Affordable Housing, LLC** (Seal) By: Rene A. Sierra, Manager |
| Witness: {signatory name} | **Siltek Group, Inc.** (Seal) By: Ana Silveira-Sierra, President |
| Witness: | **Rene A. Sierra** (Seal) By: Rene A. Sierra, Individual |
| Witness: | **Ana Silveira-Sierra** (Seal) By: Ana Silveira-Sierra, Individual |
| Witness: | **Gonzalo DeRamon** (Seal) By: Gonzalo DeRamon, Individual |
| Witness: | **Mayte DeRamon** (Seal) By: Mayte DeRamon, Individual |

GIAPERF_APP4684_LONG_090105 R1

Witness: _____

Michael C. Cox

By: _____ (Seal)
Michael C. Cox, Individual

Witness: _____

Shana Kristie Cox

By: _____ (Seal)
Shana Kristie Cox, Individual

Witness: _____

By: _____ (Seal)

Witness: _____

By: _____ (Seal)

Witness: _____

By: _____ (Seal)

Witness: _____

By: _____ (Seal)

Witness: _____

By: _____ (Seal)

GIAPERF_APP4684_LONG_090105 R1

(Seal)

Witness: _____        By: _____

(Seal)

Witness: _____        By: _____

(Seal)

Witness: _____        By: _____

(Seal)

Witness: _____        By: _____

(Seal)

Witness: _____        By: _____

(Seal)

Witness: _____        By: _____

(Seal)

Witness: _____        By: _____

**Witness:** _____     *By:* _____     **(Seal)**


**Witness:** _____     *By:* _____     **(Seal)**


**Witness:** _____     *By:* _____     **(Seal)**


**Witness:** _____     *By:* _____     **(Seal)**

# ACKNOWLEDGMENT

**NOTE:** Persons signing in more than one capacity (i.e. president and as individual) must be acknowledged for each capacity.

---

*State of* **Florida**
*County of* **Broward** } SS

On the **10** day of **DEC.** 20 **09** Before me, *Sylvia D. Romans*, personally appeared
(name of notary public)

**Rene A. Sierra, Manager of Siltek Affordable Housing, LLC** ☒ Personally known to me –OR– ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*Sylvia D Romans*
Notary Public (signature)

3/25/2011

Notary Public State of Florida
Sylvia D Romans
My Commission DD654961
Expires 03/25/2011

*(Commission Expiration Date and Seal/Stamp)*

-------------------- **OPTIONAL** --------------------
☐ Individual    ☐ Corporate Officer    ☐ Attorney-in-Fact    ☐ Partner – Limited    ☐ Partner – General
☐ Trustee    ☐ Guardian or Conservator    ☐ Titles(s): _____    ☐ Other: _____

---

*State of* **Florida**
*County of* **Broward** } SS

On the **10** day of **DEC.** 20 **09** Before me, *Sylvia D. Romans*, personally appeared
(name of notary public)

**Ana Silveira-Sierra, President of Siltek Group, Inc.** ☒ Personally known to me –OR– ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*Sylvia D Romans*
Notary Public (signature)

3/25/2011

Notary Public State of Florida
Sylvia D Romans
My Commission DD654961
Expires 03/25/2011

*(Commission Expiration Date and Seal/Stamp)*

-------------------- **OPTIONAL** --------------------
☐ Individual    ☐ Corporate Officer    ☐ Attorney-in-Fact    ☐ Partner – Limited    ☐ Partner – General
☐ Trustee    ☐ Guardian or Conservator    ☐ Titles(s): _____    ☐ Other: _____

---

*State of* **Florida**
*County of* **Broward** } SS

On the **10** day of **DEC.** 20 **09** Before me, *Sylvia D. Romans*, personally appeared
(name of notary public)

**Rene A. Sierra, Individual** ☒ Personally known to me –OR– ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*Sylvia D Romans*
Notary Public (signature)

3/25/2011

Notary Public State of Florida
Sylvia D Romans
My Commission DD654961
Expires 03/25/2011

*(Commission Expiration Date and Seal/Stamp)*

-------------------- **OPTIONAL** --------------------
☐ Individual    ☐ Corporate Officer    ☐ Attorney-in-Fact    ☐ Partner – Limited    ☐ Partner – General
☐ Trustee    ☐ Guardian or Conservator    ☐ Titles(s): _____    ☐ Other: _____

CONACK_052507 R1

# ACKNOWLEDGMENT

**NOTE:** Persons signing in more than one capacity (i.e. president and as individual) must be acknowledged for each capacity.

*State of* **Florida**
*County of* **Broward**                                            } SS

On the **10** day of **DEC** 20**09** Before me. **Sylvia D. Romans** personally appeared
                                                                                        *(name of notary public)*
**Ana Silveira-Sierra, Individual** ☒ Personally known to me –OR- ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies). and that by his/her/their signature(s) on the instrument the person(s). or the entity upon behalf of which the person(s) acted, executed the instrument.

*Notary Public (signature)*

**3/25/2011**                                    Notary Public State of Florida
*(Commission Expiration Date and Seal/Stamp)*   Sylvia D Romans
                                                My Commission DD654961

-------------------------- **OPTIONAL** --------------------------
☐ Individual        ☐ Corporate Officer        ☐ Attorney-in-Fact        ☐ Partner – Limited        ☐ Partner – General
          ☐ Trustee        ☐ Guardian or Conservator        ☐ Titles(s): ___        ☐ Other: ___

---

*State of* **Florida**
*County of* **Miami Dade**                                            } SS

On the **10** day of **DEC** 20**09** Before me. **Sylvia D. Romans**, personally appeared
**Gonzalo DeRamon, Individual** ☒ Personally known to me –OR- ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies). and that by his/her/their signature(s) on the instrument the person(s). or the entity upon behalf of which the person(s) acted, executed the instrument.

*Notary Public (signature)*

**3/25/2011**                                    Notary Public State of Florida
*(Commission Expiration Date and Seal/Stamp)*   Sylvia D Romans
                                                My Commission DD654961

-------------------------- **OPTIONAL** --------------------------
☐ Individual        ☐ Corporate Officer        ☐ Attorney-in-Fact        ☐ Partner – Limited        ☐ Partner – General
          ☐ Trustee        ☐ Guardian or Conservator        ☐ Titles(s): ___        ☐ Other: ___

---

*State of* **Florida**
*County of* **Miami Dade**                                            } SS

On the **10** day of **DEC** 20**09** Before me. **Sylvia D. Romans**. personally appeared
                                                                                        *(name of notary public)*
**Mayte DeRamon, Individual** ☐ Personally known to me –OR- ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies). and that by his/her/their signature(s) on the instrument the person(s). or the entity upon behalf of which the person(s) acted, executed the instrument.

*Notary Public (signature)*

**3/25/2011**                                    Notary Public State of Florida
*(Commission Expiration Date and Seal/Stamp)*   Sylvia D Romans
                                                My Commission DD654961

-------------------------- **OPTIONAL** --------------------------
☐ Individual        ☐ Corporate Officer        ☐ Attorney-in-Fact        ☐ Partner – Limited        ☐ Partner – General
          ☐ Trustee        ☐ Guardian or Conservator        ☐ Titles(s): ___        ☐ Other: ___

CONACK_052507 R1

# ACKNOWLEDGMENT

**NOTE:** Persons signing in more than one capacity (i.e. president and as individual) must be acknowledged for each capacity.

---

*State of* __Florida__
*County of* __Miami Dade__ }SS

On the __10__ day of __Dec__ 20__09__ Before me. __Sylvia D. Romans__, personally appeared
(name of notary public)

**Michael C. Cox, Individual** ☒ Personally known to me –OR- ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*Sylvia D Romans*
*Notary Public (signature)*

__3/25/2011__
*(Commission Expiration Date and Seal/Stamp)*

Notary Public State of Florida
Sylvia D Romans
My Commission DD654961
Expires 03/25/2011

----------------------------**OPTIONAL**----------------------------
☐ Individual    ☐ Corporate Officer    ☐ Attorney-in-Fact    ☐ Partner – Limited    ☐ Partner – General
☐ Trustee    ☐ Guardian or Conservator    ☐ Titles(s): ____    ☐ Other: ____

---

*State of* __Florida__
*County of* __Miami Dade__ }SS

On the __10__ day of __Dec__ 20__09__ Before me. __Sylvia D. Romans__ personally appeared
(name of notary public)

**Shana Kristie Cox, Individual** ☐ Personally known to me –OR- ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*Sylvia D Romans*
*Notary Public (signature)*

__3/25/2011__
*(Commission Expiration Date and Seal/Stamp)*

Notary Public State of Florida
Sylvia D Romans
My Commission DD654961
Expires 03/25/2011

----------------------------**OPTIONAL**----------------------------
☐ Individual    ☐ Corporate Officer    ☐ Attorney-in-Fact    ☐ Partner – Limited    ☐ Partner – General
☐ Trustee    ☐ Guardian or Conservator    ☐ Titles(s): ____    ☐ Other: ____

---

*State of* _____
*County of* _____ }SS

On the ____ day of ____ 20__ Before me. _____, personally appeared
(name of notary public)

____ ☐ Personally known to me –OR- ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*Notary Public (signature)*

*(Commission Expiration Date and Seal/Stamp)*

----------------------------**OPTIONAL**----------------------------
☐ Individual    ☐ Corporate Officer    ☐ Attorney-in-Fact    ☐ Partner – Limited    ☐ Partner – General
☐ Trustee    ☐ Guardian or Conservator    ☐ Titles(s): ____    ☐ Other: ____

### CERTIFIED COPY OF RESOLUTION
#### For Transmittal to
### HARTFORD FIRE INSURANCE COMPANY



At a regular/special meeting of the Board of Directors or Members of Limited Liability Company of **Siltek Group, Inc.** hereinafter "Company") duly called and held on the __10__ day of __December__, __2009__, a quorum being present, the following Resolution was adopted:

WHEREAS, this company is materially interested in the transaction(s) in which **Siltek Affordable Housing, LLC** has applied or will apply to HARTFORD FIRE INSURANCE COMPANY, Hartford Plaza, Hartford, Connecticut 06115 or its affiliates, parent or subsidiaries, individually and collectively called "HARTFORD", for bond(s) or undertaking(s), guarantees, or other instruments of suretyship, hereinafter referred to as "Bonds"; and

WHEREAS, HARTFORD has executed or is willing to consider the execution of such Bond(s) or undertaking(s), as surety upon being furnished with the written indemnity of this Company;

THEREFORE BE IT RESOLVED, THAT **Ana Silveira-Sierra, President (Siltek Group, Inc.)** of this Company be and hereby is (are) authorized to execute on behalf of this Company, any agreement or agreements of indemnity required by HARTFORD as consideration for the execution by it of Bonds for **Siltek Affordable Housing, LLC** or any joint venture or common enterprise in which it is a member or any present or future affiliate or subsidiary of **Siltek Affordable Housing, LLC** in connection with the matter(s) and transaction(s) described in the agreement of indemnity required by HARTFORD, and the proper attesting officer of this Company be and hereby is authorized to affix the corporate seal to such agreements or agreements of indemnity and subscribe his/her name thereto, attesting the same.

FURTHER, if any agreement or agreements of indemnity as described herein have been executed by **Ana Silveira-Sierra, President (Siltek Group, Inc.)** or any individuals on behalf of this Company, then previous execution of said agreement or agreements of indemnity on behalf of this Company in connection with said Bonds is hereby ratified and approved.

I, __ANA SILVEIRA-SIERRA__ Secretary or Member of **Siltek Group, Inc.,** having compared the foregoing Resolution with the original thereof, as recorded in the Minute Book of said Company, do certify that the same is a correct and true transcript therefrom and of the whole of said original Resolution.

Given under my hand and seal of the Company in the City of __Plantation__ State of __FLORIDA__ this __10__ day of __December__, __2009__.

_____
Secretary or Member

_____
Secretary or Member

_____
Secretary or Member

_____
Secretary or Member

_____
Secretary or Member

_____
Secretary or Member

RECEIVED
AUG 24 2010
BUC

CERTRES_092806



**NCI** NIELSON, ALTER & ASSOCIATES

SMART. UNCOMPROMISING. TIMELY. EFFECTIVE. NIELSON & COMPANY, INC. SURETY SOLUTIONS THAT MAKE A DIFFERENCE.

December 21, 2009

Mrs. Dana Suggs
The Hartford
400 International Parkway, #425
Heathrow, Florida 32746

RE:   Siltek Affordable Housing, LLC
       General Indemnity Agreement

Dear Dana:

Enclosed please find the properly executed General Indemnity Agreement for
Siltek Affordable Housing, LLC for your files.

Thanks for all your help.

Best regards,

Gloria L. McClure, CCSR
Account Executive

/glm

Enclosure

8000 Governors Square Boulevard
Suite 101
Miami Lakes, FL 33016
P: 305.722.2663
F: 305.558.9650
www.nielsonbonds.com

## Vivian Perez

| | |
|---|---|
| **From:** | Gonzalez, Eduardo (CAO) <EduardoCAO.Gonzalez@miamidade.gov> |
| **Sent:** | Tuesday, July 7, 2020 5:29 PM |
| **To:** | allysonconnor@adr.org; Tim Taylor; Paul Washington; Oscar Soto; ken.richie@hklaw.com |
| **Cc:** | Benjamin, Angela (CAO); Neal, Jeane (CAO); Vivian Perez; Harpaul-Yapp, Karla (CAO); Rebecca DeLisle |
| **Subject:** | Miami Dade County, Florida v. CertainTeed Corporation - Case 01-19-0002-3987 - Miami-Dade County's Damages Summary |

**Miami-Dade County's Estimated Damages Summary:**

Miami-Dade County (the "County") sets forth its estimated damages to the best of its ability based on the current information it possesses.  This estimate is provided in the earliest stages of discovery before any of the parties have exchanged documents, deposed witnesses or exchanged expert reports.  Accordingly, the County reserves all of its rights to modify and supplement its damages claim as specifically permitted in the Report of Preliminary Hearing and Scheduling Order which provides that "[a]ny modifications [to the damages summary] will be addressed at a Status Conference set for **October 5, 2020 at 2:00 p.m.** "

The County's Total Estimated Damages: **$618,558.00.**

This estimate is broken down as follows: (1) $614,900.00 consisting of $559,000.00 bid to replace the roof plus a 10% estimated contingency for change order work; and (2) $3,658.00 consisting of out-of-pocket mitigation work, including work in units, caused by roof leaks.

Respectfully submitted,

Eduardo W. Gonzalez
Angela Benjamin
Assistant County Attorneys
Miami-Dade County Attorney's Office
111 NW First Street
Suite 2810
Miami, Florida 33128
email: ewg@miamidade.gov

tel:    305-375-1057
cell:   305-989-7992

Due to the unprecedented and changing situation involving COVID-19, the County Attorney's Office is currently working remotely.  We will have limited access to regular mail, physical files, and other resources that we would otherwise have while working in-office. As a result, we ask that you please correspond with us by e-mail or send an electronic copy of any physical document you send to our offices to this e-mail address. We also will have limited access to certain physical and other records in response to discovery, public records requests, and other similar requests and ask for your patience and understanding in any delayed or untimely response. To the extent that we have stored data or information online and readily accessible, we will continue to provide it in a timely manner. Please also note that our fax machine has been disconnected and is no longer

being used for incoming correspondence at this time. We appreciate your cooperation at this difficult time. Thank you.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rene A. Sierra
4403 Dogwood Circle
Weston, FL 33331

9590 9402 4396 8248 1393 77

2. Article Number *(Transfer from service label)*

7018 2290 0001 3138 8292

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  C/g Sec 3115
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
11/9/20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Siltek Group, Inc.
1232 North University Drive
Suite 101
Plantation, FL 33322

9590 9402 4396 8248 1395 44

2. Article Number *(Transfer from service label)*

7018 2290 0001 3138 8308

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Print*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gonzalo DeRamon
1040 NW North River Drive
Miami, FL 33136

9590 9402 4396 8248 1394 07

2. Article Number *(Transfer from service label)*

7018 2290 0001 3138 8278

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4396 8248 1393 77

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Timothy S. Taylor**
**Taylor Espino Vega& Touron, PLLC**
**201 Alhambra Circle, Suite 801**
**Coral Gables, FL 33134**



---

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4396 8248 1395 44

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Timothy S. Taylor**
**Taylor Espino Vega& Touron, PLLC**
**201 Alhambra Circle, Suite 801**
**Coral Gables, FL 33134**

 

865-33

---

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4396 8248 1394 07

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Timothy S. Taylor**
**Taylor Espino Vega& Touron, PLLC**
**201 Alhambra Circle, Suite 801**
**Coral Gables, FL 33134**

 

865-33

USPS TRACKING #

9590 9402 4396 8248 1394 14

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Timothy S. Taylor**
**Taylor Espino Vega& Touron, PLLC**
**201 Alhambra Circle, Suite 801**
**Coral Gables, FL 33134**

865-33

USPS TRACKING #

9590 9402 4396 8248 1394 21

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



**Timothy S. Taylor**
**Taylor Espino Vega& Touron, PLLC**
**201 Alhambra Circle, Suite 801**
**Coral Gables, FL 33134**

865-33

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Michael C. Cox
828 NW 9th Avenue
Miami, FL 33136

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 4396 8248 1394 14

2. Article Number (Transfer from service label)

7018 2290 0001 3138 8223

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Shana Kristie Cox
828 NW 9th Avenue
Miami, FL 33136

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 4396 8248 1394 21

2. Article Number (Transfer from service label)

7018 2290 0001 3138 8261

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt